# Presidential Memorandum Delaying
# Proposed and Pending Regulations

The President has authority, under Article II, § 3 of the Constitution, to direct executive agencies to postpone proposed and pending regulations for a 60-day period.

Even where a regulation has been published in final form, the Administrative Procedure Act does not require an agency to follow notice and comment procedures in connection with a temporary postponement of its effective date, since such a postponement will not generally be regarded as a rulemaking. Even if it were so regarded, an agency will in general have good cause for dispensing with notice and comment procedures where a new President is assuming office during a time of economic distress.

January 28, 1981

## MEMORANDUM OPINION FOR THE DIRECTOR, OFFICE OF MANAGEMENT AND BUDGET

The President is currently considering a series of measures to establish new procedures for the supervision of the regulatory process and the improvement of federal regulation. Among those measures is a proposed Memorandum to the heads of certain executive departments and agencies, directing a 60-day postponement in the effective date of pending and proposed regulations. This memorandum will discuss the legal basis for the President's directive and will outline the procedures for affected agencies to follow in complying with that directive.*

The President's authority to impose obligations of the kind included in the proposed Memorandum derives from his power to ensure that the laws are faithfully executed. U.S. Const., Art. II, § 3. This provision authorizes the President to supervise and guide executive agencies and officers in the execution of their responsibilities. As the Supreme Court stated in *Myers* v. *United States,* 272 U.S. 52, 135 (1926):

> The ordinary duties of officers prescribed by statute come under the general administrative control of the President by virtue of the general grant to him of the executive power, and he may properly supervise and guide their construction of the statutes under which they act in order to secure that unitary and uniform execution of the laws which Article II of the Constitution evidently contem-

---

*NOTE: The President's Memorandum, entitled "Postponement of Pending Regulations," was published on January 29, 1981, 46 Fed. Reg. 11227. Ed.

plated in vesting general executive power in the President alone. Laws are often passed with specific provision for the adoption of regulations by a department or bureau head to make the law workable and effective. The ability and judgment manifested by the official thus empowered, as well as his energy and stimulation of his subordinates, are subjects which the President must consider and supervise in his administrative control.

In accordance with these principles, we believe that the President's authority to direct executive agencies to postpone proposed and pending regulations for a 60-day period, for the reasons stated in the Memorandum, is beyond reasonable dispute. *See generally* Bruff, *Presidential Power and Administrative Rulemaking,* 88 Yale L.J. 451 (1979).

The proposed Memorandum covers two major categories of regulations: those which have been proposed but have not been published in final form; and those which have been published in final form but have not taken legal effect. As to the first category, the Administrative Procedure Act (APA) imposes no special procedural requirements. The notice and comment procedures of 5 U.S.C. § 553 need not be followed, for nothing in that provision requires an agency to allow a period for comment on a decision briefly to delay final adoption of a proposed rule. However, the agency's decision may be subject to judicial review, and the agency may have to furnish a reasoned explanation for that decision. *See ASG Industries, Inc.* v. *Consumer Product Safety Commission,* 593 F.2d 1323, 1335 (D.C. Cir. 1979). The explanation here—that the new Administration needs time to review initiatives proposed by its predecessor—is, we believe, sufficient.

The second category of regulations covered by the President's Memorandum raises somewhat different legal issues. Under the APA, a substantive rule must be published "not less than 30 days before its effective date." 5 U.S.C. § 553(d). As the language and legislative history of this provision make clear, the 30-day period is a minimum, and agencies are generally free to delay the effectiveness of regulations beyond the 30-day period. *See Administrative Procedure Act—Legislative History,* S. Doc. No. 248, 79th Cong., 2d Sess. 259–60 (1946) (reproducing report of House Committee on the Judiciary); *id.* at 201 (report of Senate Committee on the Judiciary). The purposes of the 30-day delay in effective date are, first, to permit private parties to adjust their conduct in order to conform to new regulations and, second, to permit agencies to correct errors or oversights. *See id.* at 259–60, 359; Final Report, Attorney General's Committee on Administrative Procedure 114–15 (1941); *Sannon* v. *United States,* 460 F. Supp. 458, 467 (S.D. Fla. 1978). It is therefore plain that the APA permits an agency to adopt in the first instance an effective date provision extending beyond 30 days. We do not find anything in the language or legislative history of

§ 553(d) to suggest that agencies are forbidden to reach the same result by initially providing a 30-day period, and subsequently taking action to extend this period.

Nevertheless, it is necessary to consider what procedures an agency must follow in order to extend an effective date provision after the regulations at issue have been published in final form but have not yet become effective. For purposes of § 553, the issue is whether a suspension of the effective date of a rule is an "amendment" of the rule.[1] If so, notice and comment procedures or a finding of good cause to dispense with them are required before an agency may suspend the operation of a rule, and the regulations issued by the previous Administration will take effect before the new Administration has an opportunity to review them.

We believe that such a result would not comport with either the terms or the purposes of § 553. Therefore, we conclude that a 60-day delay in the effective date should not be regarded as "rule making" for the purposes of the APA. Although such a delay technically alters the date on which a rule has legal effect, nothing in the APA or in any judicial decision suggests that a delay in effective date is the sort of agency action that Congress intended to include within the procedural requirements of § 553(b).[2] This conclusion is supported by the clear congressional intent to give agencies discretion to extend the effective date provision beyond 30 days. The purposes of the minimum 30-day requirement would plainly be furthered if an extension of the effective date were not considered "rule making," for such an extension would permit the new Administration to review the pertinent regulations and would free private parties from having to adjust their conduct to regulations that are simultaneously under review.

We would note, however, that even if an extension of effective dates does not trigger notice and comment procedures, it may still be subject to judicial review under § 706. A statement of reasons for the deferral should therefore be provided. *See Action for Children's Television* v. *FCC,* 564 F.2d 458, 478–79 (D.C. Cir. 1977). For this purpose a reference to the President's Memorandum should be sufficient in most cases. The exception would be any rule for which the effective date has been a matter of controversy during the notice and comment period. In these

---

[1] Under 5 U.S.C. § 553, notice and comment procedures must be followed for "rule making" unless "the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." Under 5 U.S.C. § 551(5), the term "rule making" is in turn defined as "agency process for formulating, amending, or repealing a rule."

[2] Indeed, it is not clear that an agency is, as a general rule, required to provide an opportunity for comment on the intended effective date of a rule in the first instance. If agencies are not required to do so, a mere extension of that provision would not trigger the procedures of § 553

cases, the explanation should refer to the specific considerations justifying deferral of the rule in question.[3]

Even if the suspension of a rule's effective date is regarded as rulemaking, we believe that agencies will in general have good cause for dispensing with notice and comment procedures. A new President assuming office during a time of economic distress must have some period in which to evaluate the nature and effect of regulations promulgated by a previous Administration. *Cf. Nader* v. *Sawhill,* 514 F.2d 1064 (Temp. Emer. Ct. App. 1975) (good cause for dispensing with notice and comment when increase in petroleum price necessitated by economic conditions); *Reeves* v. *Simon,* 507 F.2d 455 (Temp. Emer. Ct. App. 1974), *cert. denied,* 420 U.S. 991 (1975) (same conclusion for regulation issued during gasoline crisis); *Derieux* v. *Five Smiths, Inc.,* 499 F.2d 1321 (Temp. Emer. Ct. App.), *cert. denied,* 419 U.S. 896 (1974) (same conclusion for executive order freezing prices and salaries). If notice and comment procedures were required, the President would not be permitted to undertake such an evaluation until the regulations at issue had beome effective. A notice and comment period, preventing the new Administration from reviewing pending regulations until they imposed possibly burdensome and disruptive costs of compliance on private parties, would for this reason be "impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(3)(B). This rationale furnishes good cause for dispensing with public procedures for a brief suspension of an effective date.

For the foregoing reasons, we conclude that: (1) the President's Memorandum is a lawful exercise of his authority; (2) agencies need not allow a period for notice and comment on a 60-day suspension of the effective date of proposed regulations; and (3) at least in general, agencies need not allow such notice and comment for final but not yet effective regulations, and may comply with legal requirements with a simple statement incorporating the President's reasons for the proposed suspension.[4]

LARRY L. SIMMS
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[3] If the effective date provision in a final rule has been the product of an agency resolution of a dispute among affected parties, the view that an alteration of the effective date is an "amendment" under the APA is of greater weight. Even in such cases, however, there may be good cause to dispense with notice and comment procedures. The explanation of specific considerations discussed in text above should suffice as a good cause statement even if the agency action is viewed as rulemaking.

[4] As indicated above, a more detailed explanation may be necessary when the effective date provision was itself a subject of controversy during the notice and comment period.